UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CLAYBORNE,<br><br>  Plaintiff,<br><br>  v.<br><br>PALMDALE HOSPITAL, *et al.*,<br><br>  Defendants. | No.  2:23-cv-00580-JDP (PC)<br><br>ORDER |

      Mr. Clayborne has not properly initiated an action in this court; the complaint he filed on March 28, 2023, was unsigned. *See* ECF No. 1.  He also has not filed an application for leave to proceed *in forma pauperis* or paid the required filing fee.  Accordingly, on April 24, I directed Mr. Clayborne to submit a signed complaint and either the required filing fee or an application for leave to proceed *in forma pauperis*.  ECF No. 3.  To date, Mr. Clayborne has not complied with that order.[1]  Instead, he moves for the appointment of counsel.  ECF No. 8.

      Mr. Clayborne does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent him.  *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490

---

[1] On May 30, 2023, a third party filed a motion for an extension of time on Mr. Clayborne's behalf, which is impermissible under Federal Rule of Civil Procedure 11.  That filing was stricken.  ECF No. 6.

1

U.S. 296, 298 (1989).  The court may request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Mr. Clayborne has yet to properly commence an action, and he has therefore failed to demonstrate that he is likely to succeed on the merits.  For this reason, his motion to appoint counsel, ECF No. 8, is denied without prejudice.  He, however, will be granted a brief extension of time to comply with the court's April 24, 2023 order requiring him to file a signed complaint and either the required filing fee or an application for leave to proceed *in forma pauperis*.

Accordingly, it is hereby ORDERED that:

1. Mr. Clayborne's motion for appointment of counsel, ECF No. 8, is denied.

2. Mr. Clayborne is granted until August 9, 2023, to file a signed complaint and either the required filing fee or an application for leave to proceed *in forma pauperis*.

3. The Clerk of Court is directed to send Mr. Clayborne a form complaint and an application for leave to proceed *in forma pauperis*.

4. Failure by plaintiff to comply with any part of this order may result in this case being closed.

IT IS SO ORDERED.

Dated:   July 11, 2023                              _____
                                                              JEREMY D. PETERSON
                                                              UNITED STATES MAGISTRATE JUDGE